## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

GREG LEEB, individually and on behalf of )
others similarly situated, )
)
        Plaintiff, )
)
v. )     No. 4:17CV2780 RLW
)
CHARTER COMMUNICATIONS, INC., )
d/b/a SPECTRUM, )
)
        Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Discovery. (ECF Nos.

43, 45) The motion is fully briefed and ready for disposition.

### I. Background

Plaintiff Greg Leeb filed this putative class action complaint against Defendant Charter

Communications, Inc. ("Charter") for alleged violations of the Telephone Consumer Protection

Act ("TCPA"), 47 U.S.C. § 227. (First Am. Class Action Compl. ["Am. Compl."] ¶ 1, ECF No.

50) Plaintiff claims that Charter caused autodialed and prerecorded voice calls to be made to the

cell phones of Plaintiff and other consumers without the prior express consent of the called party.

(*Id.* at ¶ 11) Specific to Plaintiff, he alleges that Charter called him several times in an attempt to

collect amounts past due on an account in another person's name, despite Plaintiff's lack of

consent, requests by Plaintiff to stop calling his number, and wrong number notifications logged

into Charter's system. (*Id.* at ¶¶ 22-27) Plaintiff further alleges that some calls played a

prerecorded message, while others left an automated telephone message. (*Id.* at ¶¶ 28-29)

According to Plaintiff, Charter used an automatic telephone dialing system ("autodialer") under

the TCPA to call Plaintiff and putative class members. (*Id.* at ¶ 30) The Amended Complaint

alleges violations of the TCPA for artificial/prerecorded voice calls (Count I) and autodialer calls

(Count II). (*Id.* at ¶¶ 39-47)

With respect to the putative class, Plaintiff seeks to certify a class consisting of:

> (a) All persons in the United States whose cellular telephone number, (b) on or
> after November 28, 2013, (c) Charter or someone on its behalf called in
> connection with debt collection using (1) an unattended message, (2) TCN, or (3)
> LiveVox, (d) where Charter or any of its vendor's records show data indicating
> that the recipient was a non-customer, third party, wrong number, or asked for
> calls to stop.

(*Id.* at ¶ 57) Plaintiff claims that common questions exist with respect to the class such as

whether the calls were made using an autodialer; whether the calls were made using a

prerecorded message; and whether Charter had prior express consent to call the cell phone

numbers. (*Id.* at ¶ 59)

The Court issued a Case Management Order ("CMO") in this case on May 24, 2018. On

July 27, 2018, Plaintiff filed a Motion to Compel Discovery seeking Interrogatory responses and

responses to Requests for Production of documents. (ECF Nos. 43, 45 [public version])

Defendant Charter opposes the motion, arguing that Plaintiff seeks discovery on issues going

well beyond the issues and time period framed by the Complaint. (ECF No. 51)

## II. Legal Standard

The scope of discovery for actions filed in federal court is set forth in Federal Rule of

Civil Procedure 26. That rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant
> to any party's claim or defense and proportional to the needs of the case,
> considering the importance of the issues at stake in the action, the amount in
> controversy, the parties' relative access to relevant information, the parties'
> resources, the importance of the discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery outweighs its likely benefit.

Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit." *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003) (citing Fed. R. Civ. P. 26(b)(1)).

### III. Discussion

Plaintiff combines his motion to compel and memorandum in support in one lengthy document, and uses footnotes to indicate the numbered interrogatory and requests for production at issue in the motion, making the exact requests difficult to discern. However, it appears that Plaintiff seeks an answer to Interrogatory No. 1, and responses to Requests for Production ("RFP") Nos. 1-3, 7-9, and 19.

### A. Request for Production No. 19

With respect to RFP No. 19, Plaintiff seeks "all communications and documents related to complaints of any kind (e.g., consumer, regulatory, pre-litigation, litigation), concerning outbound telephone communications to persons who allegedly did not want or consent to receive such calls, and any associated investigation or action taken by you (or others on your behalf) with regard to such." (ECF No. 45-4 ¶ 19) Charter responds that the request is irrelevant, overbroad, burdensome, and seeks privileged documents. However, the cases relied upon by Charter do not address the discoverability of such prior complaints, but instead address the issue of whether the calls demonstrated willfulness at the summary judgment stage.

The Court finds that such information could be relevant and proportional to the needs of the case with respect to Plaintiff's allegations that Charter willfully or knowingly violated the TCPA in placing calls to persons who did not want or consent to receive such calls regarding

debt collection. However, the request as written asks for "complaints of any kind . . . concerning outbound telephone communications to persons who **allegedly** did not want or consent to receive such calls." (ECF No. 45-4 ¶ 19) (emphasis added) As stated by Charter, this request relates to a number of potential fact patterns, such as different types of calls and methods of calling not relevant to the scope of the allegations in this case. Thus, the Court will deny Plaintiff's motion to compel responses to RFP No. 19.

## B. Request for Production Nos. 7 through 9

Plaintiff requests production of "all communications and other documents pertaining to TCPA, without regard to time;" "all documents relating to efforts to comply with the TCPA;" and "all deposition transcripts, declarations, interrogatory responses, and any other sworn or unsworn materials relating to the TCPA." (ECF No. 45-4 ¶¶ 7-9) Plaintiff makes no attempt to further define the documents requested, nor does he limit the type or form of communication under the TCPA. Similar to RFP No. 19, RFPs Nos. 7, 8, and 9 are overly broad and are not limited to the class allegations contained in Plaintiff's Amended Complaint. Therefore, the Court will deny this request.

## C. Request for Production Nos. 1 and 3

Plaintiff also seeks all documents, records, data, recordings and other materials relating to Plaintiff or Plaintiff's number, as well as screenshots of the user interface for any contact management system or software that contains data relating to Plaintiff or Plaintiff's number. (ECF No. 45-4 ¶¶ 1, 3) Defendant Charter responds that it produced the call logs and recordings related to Plaintiff, as well as redacted screenshots from its billing system regarding the customer that the third parties were attempting to reach. Charter further asserts that information regarding

the account in question is irrelevant to the present lawsuit and invades the privacy of Charter's subscriber.

While Plaintiff claims that Charter employee David Zitko[1] ("Zitko") has acknowledged that existing data is missing from Plaintiff's account note records produced by Charter, review of the relevant deposition excerpts fails to support Plaintiff's claims. Indeed, none of the depositions references cited by Plaintiff pertain specifically to Plaintiff Leeb or his number, nor do they claim that more information is available but has not been produced. Instead, Charter correctly notes that Zitko testified there were no freeform notes related to Plaintiff's telephone number. (ECF No. 56-1 p. 38) Thus, Plaintiff's motion with respect to RFP Nos. 1 and 3 will be denied.

### D. Interrogatory No. 1 and Request for Production No. 2

Finally, Plaintiff has narrowed Interrogatory No. 1 to request that Charter produce account and call records for accounts where there were "automated calls to phone numbers logged as 'wrong number' *before* the call was made."[2] (ECF No. 56 p. 1) These automated calls are unattended messages or calls made on the same dialer that called Plaintiff and where Charter has a record indicating it reached a "wrong number." (ECF No. 45 p. 3) Plaintiff further requests information with respect to these calls including dialer information, communication data, recipients, call purpose, source of phone number, consent, absence of consent, caller ID, and dialer location. (*Id.* at pp. 3-4) In RFP No. 2, Plaintiff requests all call detail information

---

[1] It appears that Mr. Zitko's name is misspelled as "Zitco" throughout the deposition transcript. (ECF No. 56-1)

[2] Interrogatory 1 as originally submitted asks Charter to "[i]dentify all outbound telephone calls (including attempted calls, unanswered calls, and calls to voicemail) to persons in the United States whose cellular telephone number, on or after November 28, 2013, you or someone on your behalf called using the same or similar dialing system/method used to call Plaintiff, where the recipient had not provided the cellular telephone number to you." (ECF No. 45-4 p. 3)

and associated data concerning Plaintiff and the persons and calls responsive to Interrogatory No. 1, including, *inter alia*, the telephone number called, the account number or other associated identifiers, identifying name, address, and other information. (ECF No. 45-4 p. 5) Defendant argues that Plaintiff is not entitled to this information because he has failed to make a prima facie showing that he can meet the requirements of Rule 23.

"If discovery is initially limited to a class certification issue, 'the plaintiff bears the burden of advancing a prima facie showing that [the class action requirements are satisfied or] discovery is likely to produce substantiation of the class allegations.'" *Klein v. TD Ameritrade Holding Corp.*, No. 8:14CV396, 2016 WL 7156476, at *1 (D. Neb. Dec. 7, 2016) (quoting *Jarrett v. Panasonic Corp. of N. Am.*, 8 F. Supp. 3d 1074, 1090 (E.D. Ark. 2013)). The Court notes that the original Case Management Order ("CMO") and the Amended CMO do not limit discovery to the class certification issue. (ECF Nos. 40, 68) Even if discovery is limited to class certification, the Court finds that the interrogatory, as narrowed above, is within the scope of the class certification issue. *But see Id.* at *2 (finding request for discovery encompassing "all [Ameritrade] clients" and "all communications" surpassed the class certification issue and failed to limit requests to a reasonable time frame).

Further, the Court disagrees with Charter's position that any identifying information is outside the scope of discovery in this TCPA putative class action. The TCPA pertains to automatic dialing systems or artificial/prerecorded voices made to a cellular telephone service without the prior express consent of the called party. 47 U.S.C. § 227(b)(1)(A)(iii). "At the pre-class certification stage of discovery, the issue before the Court is whether Plaintiffs' discovery requests are relevant to factors bearing on certification, such as ascertainability; not whether the class is, in fact, ascertainable." *Stemple v. QC Holdings, Inc.*, No. 12-CV-1997-CAB WVG,

2013 WL 10870906, at *2 (S.D. Cal. June 17, 2013) (internal quotation omitted). "A request for

an outbound dial list in a TCPA action is relevant to class certification issues, such as the number

and ascertainability of potential class members." *Id.* (internal quotation omitted). Thus, the

Court finds that production of the names and numbers of potential class members is relevant to

ascertaining potential class members as set forth in the Amended Complaint. *See, e.g.,*

*Sandusky Wellness Ctr., LLC v. Medtox Sci., Inc.,* 821 F.3d 992, 997 (8th Cir. 2016) (finding fax

logs showing the numbers that received each fax were objective criteria that made the recipient

clearly ascertainable).

To the extent that privacy concerns are at issue, including those under the Cable Privacy

Act ("CPA"),[3] the Court notes that a protective order has been entered in this case. Further,

Plaintiff has stated his willingness to accept anonymized information. *See Sliwa v. Bright House*

*Networks, LLC*, No. 216CV235FTM29MRM, 2018 WL 1183350, at *7 (M.D. Fla. Feb. 14,

2018) (overruling defendant's objections as to the customers' privacy interests under the CPA

based upon adequate mechanisms available to protect any customer privacy interests).

Defendant Charter does not address this proposed protection in its surreply. The Court will grant

Plaintiff's motion to compel with respect to Interrogatory No. 1 and RFT No. 2 only as to the

names and cell phone numbers of putative class members and as narrowed by Plaintiff and set

forth in the first paragraph of subsection D of this Memorandum and Order. The parties shall

meet and confer to determine whether additional protective measures are required and how such

privacy protection can be achieved.

Accordingly,

---

[3] Under the CPA "a cable operator shall not disclose personally identifiable information
concerning any subscriber without the prior written or electronic consent of the subscriber
concerned and shall take such actions as are necessary to prevent unauthorized access to such
information by a person other than the subscriber or cable operator." 47 U.S.C. § 551(c)(1).

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery (ECF Nos. 43, 45) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Requests for Production Nos. 1, 3, 7, 8, 9, and 19 is **DENIED.**

**IT IS FINALLY ORDERED** that Plaintiff's Motion to Compel responses to Interrogatory No. 1 and Request for Production No. 2 is **GRANTED** as to the narrowed Interrogatory set forth in Plaintiff's reply brief (ECF No. 56 p. 1) and this Memorandum and Order, with any personal identifying information to be limited to names and cell phone numbers of recipients.

Dated this 9th day of January, 2019.

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE