# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

GREG LEEB, *individually and on behalf of* )
*others similarly situated,* )
                                    )
          Plaintiff, )
     v. )            No. 4:17CV2780 RLW
                                  )
CHARTER COMMUNICATIONS, INC., )
*d/b/a* SPECTRUM, )
                                    )
          Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Greg Leeb's Unopposed Motion for Burke Law Offices, LLC to be Appointed Interim Class Counsel and Incorporated Memorandum in Support. (ECF No. 78) After careful consideration, the Court will grant the motion and appoint Burke Law Offices, LLC as interim class counsel.

Plaintiff seeks an order appointing his lead counsel, Burke Law Offices, LLC ("Burke Law"), as interim lead class counsel. He notes there is currently at least one other debt collection call class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, against Charter Communications, Inc. According to Plaintiff, appointment of interim lead counsel is necessary and appropriate to promote efficient use of resources and to specify which counsel Charter should contact to coordinate pretrial proceedings and possible class resolution. Plaintiff further notes that Charter, while not conceding that the proposed class should be certified, did not intend to oppose this motion and has not done so.

Before determining whether to certify an action as a class action, Federal Rule of Civil Procedure 23(g)(3) allows a court to designate interim counsel to act on behalf of the putative class. When appointing interim class counsel, courts generally look to the same factors used in

determining the adequacy of class counsel under Rule 23(g)(1)(A). *Roe v. Arch Coal, Inc.*, No.

4:15CV910 CEJ (E.D. Mo. Nov. 2, 2015). These considerations include:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A). The court also "may consider any other matter pertinent to

counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P.

23(g)(1)(B). While not statutorily required, the appointment of interim class counsel may be

helpful in "clarify[ing] responsibility for protecting the interests of the class during

precertification activities, such as making and responding to motions, conducting any necessary

discovery, moving for class certification, and negotiating settlement." Federal Judicial Center,

Manual for Complex Litigation § 211.11 (4th ed. 2004).

On review of Plaintiff's motion, legal arguments, and attached exhibits (ECF Nos. 78,

78-4), the Court finds that Burke Law will fairly and adequately represent the interests of the

proposed class because it: (1) has adequately identified and demonstrated a commitment to

investigating the potential claims in this action; (2) possesses experience in handling class

actions involving the types of claims asserted in this action; (3) has knowledge of the applicable

law; and (4) will devote the resources necessary to represent the proposed class. *See* Fed. R. Civ.

P. 23(g)(1)(A). Accordingly, the Court will appoint Burke Law Offices, LLC ("Burke Law"), as

interim lead class counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Greg Leeb's Unopposed Motion for Burke

Law Offices, LLC to be Appointed Interim Class Counsel and Incorporated Memorandum in

Support (ECF No. 78) is **GRANTED**.

**IT IS FURTHER ORDERED** that Burke Law Offices, LLC is appointed as interim lead

class counsel.

Dated this ____ day of April, 2019.

_Ronnie L. White_

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**